# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY D. WARD,<br><br>       Petitioner,<br><br>v.<br><br>NEIL McDOWELL, Warden,<br><br>       Respondent. | Case No.: 16cv3055-LAB-MDD<br><br>**ORDER ON PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING, SECOND MOTION FOR EXTENSION OF TIME TO OBJECT, and SECOND MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF No. 24]** |

On July 5, 2017, Petitioner constructively filed this motion asking 1) appointment of counsel, and 2) for an additional 90 day extension of time to file objections to the pending Report and Recommendation. (ECF No. 28).

### A. Third Motion for Appointment of Counsel

Petitioner's motion for appointment of pro bono counsel is **DENIED**. The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. *See McClesky v. Zant*, 499 U.S. 467, 495(1991); *Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996) (noting that there currently exists no constitutional right to appointment of counsel in habeas proceedings); *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).

Courts may appoint counsel for financially-eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 only where "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); *Chaney*, 801 F.2d at 1196.

The interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition. *Terrovona v. Kincheloe*, 912 F.2d 1176, 1177 (9th Cir. 1990); *Knaubert v. Goldsmith,* 791 F.2d 722, 728 (9th Cir. 1986); *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994); Rule 8(c), 28 U.S.C. foll. § 2254. The appointment of counsel is discretionary when no evidentiary hearing is necessary. *Id*. When "the district court chooses to deny a motion for appointment of counsel, the court must review the record and render an independent legal conclusion." *Knaubert*, 791 F.2d at 729. Moreover, when "the court declines to appoint counsel, it will have to inform itself of the relevant law. Therefore, the *additional* assistance provided by attorneys" is not required by the Constitution unless an evidentiary hearing is required. *Id*.

An evidentiary hearing has not been ordered in this case, and therefore the interests of justice do not require appointment of counsel. Petitioner has not shown that this Court should exercise its discretion to appoint counsel. This is not a death penalty case. Petitioner does not show that this case is particularly complex. Petitioner included standardized testing results in his third request, however he does not explain how these results render him significantly less capable of pursuing his action than similarly situated petitioners.

Petitioner has not shown that appointment of counsel is required by the interests of justice, that appointment of counsel is necessary to prevent due process violations in this action, or that this Court should exercise its discretion for alternative reasons. Accordingly, Petitioner's motion for

2

16cv3055-LAB-MDD

appointment of counsel is **DENIED** without prejudice.

### B. Second Motion for Extension

Petitioner's objections to the Report and Recommendation were originally due June 14, 2017. (ECF No. 19 at 39 (setting deadline to file objections)). Petitioner's first motion for an extension sought a 90 day extension, but provided no grounds for seeking an extension. (ECF No. 21). In the interests of justice, the Court granted Petitioner's motion in part, granted a month-long extension, and ordered Petitioner to file his objections on or before July 12, 2017. (ECF No. 22). Petitioner's second motion for an extension sought an additional 60 days. (ECF No. 24). Petitioner was given an additional two weeks in order to file his objections. (ECF No. 25).

In this third motion for an extension, Petitioner request an additional 90 days. (ECF No. 28). In support, Petitioner does not provide any grounds except to note that he continues to wait for a reply back from his parole office.

The Court finds that Petitioner has not shown good cause for the requested extension and **DENIES** this third motion for an extension. Nevertheless, in the interests of justice, this Court will provide Petitioner one last opportunity to file his objections. Petitioner must file objections on or before **September 11, 2017**. Respondent must file any response to Petitioner's objections on or before **September 25, 2017**.

**IT IS SO ORDERED.**

Dated: August 21, 2017

Hon. Mitchell D. Dembin
United States Magistrate Judge

3

16cv3055-LAB-MDD